**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RESIDENTIAL CREDIT SOLUTIONS, INC., ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> LV REAL ESTATE STRATEGIC INVESTMENT ) <br> GROUP LLC SERIES 5112, ) <br> ) <br> Defendant(s). ) <br> ) | 2:17-cv-00084-JCM-NJK <br><br> ORDER <br><br> (Docket No. 16) |

Pending before the Court is the parties' proposed joint discovery plan and scheduling order. Docket No. 16. Under Local Rule 26-1(b)(1), "[u]nless the court orders otherwise, discovery periods longer than 180 days from the date the first defendant answers or otherwise appears will require special scheduling review." Additionally, "[p]lans requesting special scheduling review must include . . . a statement of the reasons why longer or different time periods should apply to the case." Local Rule 26-1(a).

In this instance, the parties request a 284-day discovery period because, they submit, "counsel for the parties have numerous quiet title actions involving the same or similar issues that were filed within a short time frame." Docket No. 16 at 2. As the Court has previously explained, that is not good reason to extend the discovery period. *See, e.g.*, *Bank of Am., N.A. v. Premier One Holdings, Inc.*, 2015 U.S. Dist. Lexis 146839, at *2 (D. Nev. Oct. 29, 2015); *Greene v. Alhambra Hosp. Med. Ctr.*, 2015 U.S. Dist. Lexis 72697, at *3 (D. Nev. June 3, 2015).

Accordingly, the parties' proposed joint discovery plan is hereby **DENIED** without prejudice. The Court **ORDERS** the parties to submit, no later than April 26, 2017, a proposed joint discovery plan that either (1) is based on the presumptively reasonable 180-day period outlined in Local Rule 26-1, or (2) provides an adequate explanation why a longer period should be granted.

IT IS SO ORDERED.

DATED: April 19, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge