# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RESIDENTIAL CREDIT SOLUTIONS, INC., | Case No. 2:17-CV-84 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| LV REAL ESTATE STRATEGIC INVESTMENT GROUP LLS SERIES 5112, | |
| Defendant(s). | |

Presently before the court is plaintiff/counterdefendant Residential Credit Solutions, Inc.'s ("RCS") second motion for summary judgment. (ECF No. 56). RCS filed a supplemental brief regarding its second motion for summary judgment on July 18, 2018. (ECF No. 70). Defendant/counterclaimant LV Real Estate Strategic Investment Group LLC Series 5112 ("LVR") filed a response (ECF No. 75), to which RCS replied (ECF No. 76).

Also before the court is defendant Pueblo at Santa Fe Condominium Association, Inc.'s ("HOA") motion to dismiss (ECF No. 37), to which defendant LVR joined (ECF No. 49). Plaintiff filed a response (ECF No. 50). Defendants have not filed a reply, and the time for doing so has passed.

Also before the court is HOA's first motion for summary judgment (ECF No. 38), to which plaintiff filed a response (ECF No. 50). HOA has not filed a reply, and the time for doing so has passed.

Also before the court is HOA's second motion for summary judgment. (ECF No. 57). Plaintiff has not filed a response, and the time for doing so has passed.

**James C. Mahan**
**U.S. District Judge**

Lastly before the court is plaintiff's first motion for summary judgment. (ECF No. 51). Defendants have not filed a response, and the time for doing so has passed.

**I.    Facts**

This action involves the parties' interests in real property located at 5112 Jordan Frey Street, Unit #202, Las Vegas, Nevada 89130 ("the property"). (ECF No. 28).

*a. Plaintiff's interest in the property*

On August 10, 2005, Christopher Fauci and Michael Fauci ("borrowers") obtained a loan from Countrywide Home Loans, Inc. ("Countrywide") for $180,500 ("the loan") to purchase the property. (ECF No. 56 at 5). Borrowers executed a promissory note in favor of Countrywide, as well as a deed of trust to secure repayment of the loan. (*Id.*) The deed of trust, recorded on August 15, 2005, listed Countrywide as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary solely as nominee for the lender and the lender's successors and assigns. (*Id.*)

On October 28, 2005, Freddie Mac purchased the loan, including the note and the deed of trust. (*Id.*) Plaintiff attached a declaration from Freddie Mac, along with a copy of a printout from Freddie Mac's MIDAS system pertaining to its purchase of the loan to its motion for summary judgment. *See* (ECF No. 56-1). Pursuant to the printout, plaintiff Freddie Mac acquired an ownership interest on October 28, 2005. (*Id.*)

On January 16, 2014, MERS, as nominee for lender and lender's successors and assigns, recorded an assignment of the deed of trust to Ocwen Loan Servicing, LLC ("Ocwen"). (ECF No. 56 at 5). On October 2, 2015, Ocwen recorded an assignment of the deed of trust to plaintiff RCS. (*Id.*) RCS is the authorized servicer of the loan for Freddie Mac.[1]

*b. Defendants' interest in the property*

On November 5, 2010, Alessi & Koenig, LLC ("Alessi"), on behalf of defendant HOA, recorded a lien for delinquent assessments, asserting an outstanding amount owed as of October 25, 2010, of $1,594.00. (ECF No. 28 at 4). On March 29, 2011, Alessi recorded a notice of default

---

[1] For the governing documents of Freddie Mac's service agreement with RCS ("the Guide"), *see* (ECF No. 56-1 at 24–103).

**James C. Mahan
U.S. District Judge**

- 2 -

and election to sell, asserting an outstanding amount owed of $3,259.00. (*Id.*) On January 27, 2012, Alessi recorded a notice of trustee's sale, setting a sale date of February 22, 2012. (ECF No. 28-5). Defendant Pueblo allegedly purchased an interest in the property at the foreclosure sale for $6,203.60. (ECF No. 28-6). The trustee's deed upon sale was recorded on April 18, 2012. (*Id.*)

   *c. Plaintiff's amended complaint*

Plaintiff challenges defendants' conduct surrounding the HOA foreclosure sale and seeks to preserve its pre-sale interest in the property. (ECF No. 28). Plaintiff's relevant cause of action against defendants is for quiet title/declaratory relief pursuant to 28 U.S.C. § 2201, NRS 30.010 et. seq., and NRS 40.010.[2] *Id.*

**II. Legal Standard**

   *a. Motion for summary judgment*

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went

---

[2] Plaintiff's amended complaint also requests a permanent/preliminary injunction against LVR and asserts claims for unjust enrichment, tortious interference with contractual relations and wrongful foreclosure. (ECF No. 28). As plaintiff's motion for summary judgment appears to request judgment only on its declaratory relief and quiet title claims, those claims are the focus of the instant order.

uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

> b. *Motion to dismiss for failure to state a claim*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

- 4 -

matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

*a. Motion for summary judgment*

In plaintiff's second motion for summary judgment and supplemental brief in support of its second motion for summary judgment, plaintiff argues that judgment in its favor is proper as to its claims for declaratory relief and quiet title because the federal foreclosure bar preempts contrary state law. (ECF Nos. 56, 70). Defendant LVR argues in its response that plaintiff's claims are

time-barred by the statute of limitations. (ECF No. 75). Defendant LVR argues in the alternative that its alleged status as a "bona fide purchaser" of the property protects it from plaintiff RCS's alleged interest in the property.[3] (*Id.*)

### *1. Statute of limitations*

As plaintiff correctly notes in its reply, its claims for quiet title and declaratory relief are governed by the five-year statute of limitations set forth in NRS 11.070. (ECF No. 76). Defendant LVR argues that plaintiff's claims are governed by either 12 U.S.C. § 4617(b)(12)(A), which applies to claims filed by FHFA as conservator or receiver, or by Nevada's three-year statute of limitations governing claims arising from "liability created by statute." (ECF No. 75). *See* Nev. Rev. Stat. § 11.190; 12 U.S.C. § 4617(j)(3); Nev. Rev. Stat. § 11.070.

12 U.S.C. § 4617(b) discusses the powers and duties of FHFA when acting as conservator or receiver, and Section 4617(b)(12)(A) provides a statute of limitation period applicable to FHFA in those roles:

> [T]he applicable statute of limitations with regard to any action *brought by the Agency as conservator or receiver* shall be—
> (i) in the case of any contract claim, the longer of—
>     (I) the 6-year period beginning on the date on which the claim accrues; or
>     (II) the period applicable under State law; and
> (ii) in the case of any tort claim, the longer of—
>     (I) the 3-year period beginning on the date on which the claim accrues; or
>     (II) the period applicable under State law.

12 U.S.C. § 4617(b)(12)(A) (emphasis added).

The unambiguous language of the statute restricts its application to actions brought by FHFA as conservator or receiver. Because FHFA is not a party to this case, the limitations period contained in Section 4617 does not apply.

Indeed, this court and other courts in the District of Nevada have routinely applied NRS 11.070 to quiet-title claims brought by lienholders seeking to preserve their pre-sale security interests in a

---

[3] In defendant LVR's response, defendant asserts another alternative argument regarding RCS and Freddie Mac's contemporaneously held property interests in the first deed of trust, which has already been rejected by the Ninth Circuit and Nevada Supreme Court. Nevertheless, LVR attempts to persuade this court to modify or "reverse" existing law. (ECF No. 75 at 6, n. 1). The court declines to do so.

**James C. Mahan**
**U.S. District Judge**

- 6 -

piece of real property following an HOA foreclosure sale. *See, e.g.*, *Bank of New York Mellon v. Traccia Cmty. Ass'n*, No. 2:17-cv-1802-JCM-CWH, 2018 WL 1459127, at *4 (D. Nev. Mar. 23, 2018) ("Further, NRS 11.070 sets forth a five-years limitations period for quiet title claims. . . The foreclosure sale took place on January 18, 2013. Plaintiff brought this lawsuit less than five years later . . . Accordingly, plaintiff's quiet title claim is not barred by the applicable statute of limitations."); *Bank of New York Mellon Trust Co., N.A. v. Jentz*, No. 2:15-cv-1167-RCJ-CWH, 2016 WL 4487841, at *2-3 (D. Nev. Aug. 24, 2016).

Accordingly, plaintiff RCS's quiet title claim is subject to the five-year limitations period set forth in NRS 11.070. The HOA's foreclosure sale took place on February 22, 2012. Plaintiff brought its quiet title claim less than five years later, on January 10, 2017. (ECF No. 1). Therefore, plaintiff's quiet title claim is not barred by the applicable statute of limitations.

### 2. *Defendant's alleged status as "bona fide purchaser"*

In its response, defendant LVR argues that the federal foreclosure bar does not apply here because it is a bona fide purchaser for value under Nevada law. (ECF No. 75 at 9–11). However, the Ninth Circuit has already held that the federal foreclosure bar preempts Nevada's bona fide purchaser statute. *Berezovsky v. Moniz*, No. 3:17-cv-0603-MMD-VPC, 2018 WL 3078753, at *930–931; *U.S. Bank Home Mortg. v. Jensen*, No. 3:17-cv-0603-MMD-VPC, 2018 WL 3078753, at *2 (D. Nev. June 20, 2018). Accordingly, defendant's argument that its alleged status as a bona fide purchaser protects it from plaintiff's quiet title claim is without merit.

### 3. *The propriety of plaintiff's quiet title/declaratory relief claim*

HERA established FHFA to regulate Fannie Mae, Freddie Mac, and Federal Home Loan Banks. *See* Pub. L. No. 110–289, 122 Stat. 2654, codified at 12 U.S.C. § 4511 *et seq.* In September 2008, FHFA placed Fannie Mae and Freddie Mac into conservatorships "for the purpose of reorganizing, rehabilitating, or winding up [their] affairs." 12 U.S.C. § 4617(a)(2). As conservator, FHFA immediately succeeded to "all rights, titles, powers, and privileges" of Fannie Mae and Freddie Mac. 12 U.S.C. § 4617(b)(2)(A)(i). Moreover, Congress granted FHFA exemptions to carry out its statutory functions—specifically, in acting as conservator, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without

the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

In *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145 (D. Nev. 2015), the court addressed the applicability of 12 U.S.C. § 4617(j)(3) and held that the plain language of § 4617(j)(3) prohibits property of FHFA from being subjected to a foreclosure without its consent. *See also Saticoy Bay, LLC v. Fannie Mae*, No. 2:14-CV-01975-KJD-NJK, 2015 WL 5709484 (D. Nev. Sept. 29, 2015) (holding that 12 U.S.C. § 4617(j)(3) preempts NRS 116.3116 to the extent that a HOA's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae while those entities are under FHFA's conservatorship).

Since *Skylights*, this court has consistently held that 12 U.S.C. § 4617(j)(3) prohibits property of FHFA from foreclosure absent agency consent. *See, e.g., 1597 Ashfield Valley Trust v. Fed. Nat. Mortg. Ass'n System*, case no. 2:14-cv-02123-JCM-CWH, 2015 WL 4581220, at *7 (D. Nev. July 28, 2015). Recently, the Ninth Circuit also held that the federal foreclosure bar applies to private foreclosure sales and "supersedes the Nevada superpriority lien provision." *See Berezovsky v. Moniz*, 869 F.3d 923, 929, 931 (9th Cir. 2017).

Here, Freddie Mac acquired ownership of the underlying loan on October 28, 2005. (ECF No. 56). Further, an assignment of the deed of trust was recorded on January 16, 2014, that named Ocwen beneficiary. (ECF No. 56 at 5). Later, on October 2, 2015, Ocwen recorded an assignment of the deed of trust to plaintiff RCS. (*Id.*) RCS acted as a contractually authorized servicer of the loan on behalf of Freddie Mac, the owner of the note. Pursuant to § 4617(b)(2)(A)(i), FHFA, as conservator, immediately succeeded to all rights, titles, powers, and privileges of plaintiff. *See* 12 U.S.C. § 4617(b)(2)(A)(i). Therefore, FHFA held an interest in the deed of trust as conservator for plaintiff prior to the HOA foreclosure sale on February 22, 2012.

FHFA did not consent to the extinguishment of plaintiff's property interest through the HOA foreclosure sale. (ECF No. 56 at 17). Because Freddie Mac was subject to conservatorship at the time of the alleged foreclosure, and the agency did not consent to foreclosure, plaintiff's

interest in the property survived the HOA foreclosure sale. Plaintiff is therefore entitled to summary judgment on its declaratory relief and quiet title claims.[4]

    *b. Other outstanding motions*

Plaintiff and defendant HOA have each filed multiple motions, all presently before the court.

First, defendant HOA has filed three separate motions: (1) a motion to dismiss (ECF No. 37); (2) a first motion for summary judgment (ECF No. 38); and (3) a second motion for summary judgment (ECF No. 57). As the court will grant plaintiff RCS's motion for summary judgment on its claims for declaratory relief and quiet title, the court necessarily finds that defendant HOA is not entitled to judgment in its favor on these motions. Accordingly, the court will deny HOA's motion to dismiss (ECF No. 37), first motion for summary judgment (ECF No. 38), and second motion for summary judgment (ECF No. 57).

Also before the court is plaintiff's first motion for summary judgment. (ECF No. 51). This motion was submitted in response to defendant HOA's motion to dismiss (ECF No. 37). Because the court will grant plaintiff's second motion for summary judgment (ECF No. 56), the court will deny plaintiff's first motion for summary judgment as moot.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Residential Credit Solutions, Inc.'s second motion for summary judgment (ECF No. 56) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Pueblo at Santa Fe Condominium Association, Inc.'s motion to dismiss (ECF No. 37) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Pueblo at Santa Fe Condominium Association, Inc.'s first motion for summary judgment (ECF No. 38) be, and the same hereby is, DENIED.

---

[4] The court will not address plaintiff's other claims, which appear to be pled in the alternative and are not addressed in plaintiff's motion for summary judgment.

IT IS FURTHER ORDERED that Pueblo at Santa Fe Condominium Association, Inc.'s second motion for summary judgment (ECF No. 57) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Residential Credit Solutions, Inc.'s first motion for summary judgment (ECF No. 51) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff shall prepare a proposed judgment consistent with this order and submit it to the court within thirty (30) days of the filing of this order.

DATED September 6, 2018.

_____
UNITED STATES DISTRICT JUDGE